ERIE PUMP & EQUIPMENT CO. v. WISCONSIN STEEL CO.

(District Court, N. D. Illinois, E. D.   December 21, 1916.)

No. 496.

PATENTS ⬤⬤328—VALIDITY AND INFRINGEMENT—BOILER FEED REGULATOR.

The Copes patent, No. 662,687, for a boiler feed regulator, claim 6, is valid, if narrowly construed, but, as so construed, *held* not infringed.

In Equity. Suit by the Erie Pump & Equipment Company against Wisconsin Steel Company. On final hearing. Decree for defendant.

Suit in equity brought June 25, 1915, for infringement to patent No. 662,687, issued to James W. Copes November 27, 1900, applied for September 9, 1899.

Ernest J. Andrews and Lincoln B. Smith, both of Chicago, Ill., for plaintiff.

Wallace R. Lane, of Chicago, Ill., and William J. Belknap, of Detroit, Mich., for defendant.

SANBORN, District Judge. The patent relates to expansion tubes for the regulation of steam boilers. The tubes are placed outside the boiler on a level with the normal water line, and are inclined from the horizontal; the upper end being connected with the steam dome, and the lower end with the water of the boiler. By this system the inflow of water into the boiler is controlled through the action of expansible tubes, which directly operate a valve for admitting water when required. When the valve is closed, pressure is built up in the feed pipe by the continuous operation of the boiler feed pump. As soon as the pressure in the feed pipe becomes greater than that in the boiler, a governor is operated to shut off the pump. The expansible tubes are directly connected to the water valve system, which controls the inlet of water from feed pipe to boiler. Lowering the water raises the temperature of the tubes, expands them, and opens the steam valve to increase the pump action, and raising the water lowers the temperature of the tubes, contracts them, and slows the pump. In his application the patentee says he knows it is not new to use expansible tubes for the purpose described by him, but believes it to be new to so arrange such a tube as to permit of the micrometer adjustment of the connected parts, and thus obtain control of the steam supply.

Defendant claims that the Copes claim sued on (being No. 6) is invalid, in view of the Thomas patents, No. 454,088, June 16, 1891, and No. 488,619, December 27, 1892, or, if the Copes claim is to be narrowly sustained, then that defendant does not infringe, because its construction is nearer to Thomas than Copes. It is also claimed that the

---

⬤⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thomas construction has been used for a long time in Cleveland and other cities, and has worked satisfactorily. The Thomas patents were not cited as references to the Copes application.

Claim 6, the one in suit, reads thus:

"In a boiler feed regulator, the combination with an expansible tube, connected with the boiler above and below the normal water level therein, of a feed water pump, a feed water pipe from said pump to said boiler, a valve in said water pipe, a steam pipe from said boiler to said pump, a valve in said steam pipe, and hydraulic means connecting the valve in said water pipe with the valve in said steam pipe, in such relation with said expansible tube as to predetermine the co-operative actuation of said two valves by said expansible tube, substantially as set forth."

This claim says nothing about multiplying levers in or connected with the expansion tube, and the claim substantially reads on the Thomas construction, as shown in the patents referred to, and in the actual devices built on the Thomas patents in a number of buildings in Cleveland. I am satisfied that the testimony of Clark and Ingleson on the trial, with the photographs and all the surrounding circumstances, show that the Thomas inventions were in use there before the Copes patent was applied for. A little doubt was raised on the trial by the fact that in the earlier stages of the case the witnesses did not understand that the expansion tubes shown in the Cleveland buildings were other than horizontal. But I think this doubt is not sufficient to discredit the proof of prior use, in view of the positive testimony at the trial, the fact that these constructions were under the Thomas patents requiring the tubes to be inclined, and the photographs.

The Copes patent is valid narrowly, but not infringed. There should be a decree dismissing the bill of complaint, with costs.